IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZURICH AMERICAN INSURANCE CO.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3431-L** |
| | § | |
| **JLG INDUSTRIES, INC. AND** | § | |
| **SUNBELT RENTALS, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Intervene as Plaintiff under Rule 24 (Doc. 16), filed by Humberto Ramirez on June 22, 2012. Defendants oppose the motion. After considering the motion, briefing, record, and the grounds asserted for the requested intervention, the court determines that the Motion to Intervene as Plaintiff under Rule 24 should be and is hereby **denied**.

### I.     Background

Plaintiff Zurich American Insurance Co. ("Zurich") brought this subrogation action against Defendants JLG Industries, Inc. ("JLG") and Sunbelt Rentals, Inc. ("Sunbelt") (collectively, "Defendants") in the 191st Judicial District Court, Dallas County, Texas, on October 26, 2011. The action was removed to this court on December 9, 2011. Zurich seeks reimbursement for the amounts it paid under an insurance policy issued by Zurich for injuries and lost wages sustained by Humberto Ramirez ("Ramirez"), who was injured on October 27, 2009, while operating a scissor lift manufactured by JLG and leased to Ramirez's employer by Sunbelt.

According to Zurich's Amended Complaint ("Complaint"), Ramirez underwent emergency surgery to stabilize the fractures in his right leg and was released from Parkland Hospital with instructions to return for additional future surgeries. Zurich further alleges that Ramirez has continued to experience pain as a result of injuries to his back and legs, and that the injuries have made him unable to work, enjoy life, perform household services, and care for himself. Zurich contends that Ramirez's injuries were caused by the failure of the upper lift cylinder pin on the scissor lift operated by Ramirez, and that JLG has since acknowledged that the failure of this pin is a systematic problem that requires distributors to visually inspect and replace the pins.

Zurich seeks to recover the amounts paid to date to Ramirez in the workers' compensation proceeding for indemnity benefits and medical expenses totaling $169,953.67. Zurich also seeks additional indemnity and medical benefits to cover the additional benefits claimed by Ramirez for additional surgeries has undergone or scheduled, as well as attorney's fees, costs, and prejudgment and postjudgment interest. Zurich contends that it is entitled to reimbursement for the benefits claimed by Ramirez on the grounds that JLG is strictly liable for introducing a defective and unreasonably dangerous scissor lift into the stream of commerce that was, and Defendants were negligent in failing to safely design, adequately warn, and properly maintain the equipment. Ramirez's proposed Complaint in intervention mirrors the factual allegations in Zurich's Complaint almost verbatim. Like Zurich, Ramirez's claims are also based on strict liability and negligence.

**II.     Analysis**

Ramirez seeks to intervene as a matter of right, or alternatively he requests that he be permitted to permissively intervene.

**Memorandum Opinion and Order - Page 2**

Unless there is a federal statute conferring an unconditional right to intervene, a motion to intervene as of right is governed by Federal Rule of Civil Procedure 24(a)(2). A motion to intervene under Rule 24(a)(2) is proper when:

> (1) the motion to intervene is timely; (2) the potential interven[o]r asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which [he] seeks to intervene; (3) the disposition of that case may impair or impede the potential interven[o]r's ability to protect [his] interest; and (4) the existing parties do not adequately represent the potential interven[o]r's interest.

*Saldano v. Roach*, 363 F.3d 545, 551 (5th Cir. 2004). A court may permit a party to permissively intervene if the intervenor: (1) timely files a motion, (2) has a claim or defense that shares a common question of law or fact with the main action, and (3) has an independent basis for jurisdiction, if jurisdiction in the original action was based on diversity of citizenship. Fed. R. Civ. P. 24(b)(1); *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985). Permissive intervention, however, "is wholly discretionary with the [district] court . . . even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987). Factors relevant to whether an application to intervene is timely include: "(1) the length of time the proposed intervenor knew or should have known of [his] interest in the case, (2) the extent of the prejudice that existing parties may suffer by the proposed intervenor's delay in moving to intervene, (3) the extent of the prejudice that the would-be intervenor would suffer if intervention is denied, and (4) any unusual circumstances that bear upon the timeliness of the application." *Trans Chem. Ltd. v. China Nat'l Mach. Import and Export Corp.*, 332 F.3d 815, 822 (5th Cir. 2003).

Defendants contend that Ramirez cannot intervene as a matter of right because Zurich's subrogation interest and indemnity claim under section 417.001 *et seq.* of the Texas Labor Code

(Texas Workers Compensation Act) are the only property or funds at issue in this case and no federal statute applies. Defendants further assert that Ramirez's proposed intervention is untimely, and Defendants will be prejudiced if he is permitted to intervene because his claims for damages will expand the scope of discovery and delay the resolution of this case. Sunbelt also argues that Ramirez's conclusory assertions are insufficient to carry his burden with regard to establishing timeliness, prejudice, and an independent basis for jurisdiction.

Ramirez counters that he is entitled to intervene as a matter of right because, in addition to suing to recover medical bills and benefits paid to him, Zurich is also suing to recover future medical expenses and the Texas Workers Compensation Act requires Zurich to pay any such future indemnity and medical benefits to Ramirez. He therefore contends that he has an interest in the proceeds at issue, and Zurich does not adequately represent his interests in maximizing the recovery of his future medical expenses.

Ramirez further contends that his request to intervene is timely because timeliness is based on when the intervenor became aware of his interest in a lawsuit that is the subject of the motion to intervene. In support of his assertion that the motion to intervene is timely, Ramirez submitted an affidavit in which he states that he did not learn of the suit by Zurich until May 31, 2012. Ramirez asserts that because he moved within six weeks of learning of the action to intervene, his motion is timely.

Ramirez disagrees that Defendants will be prejudiced by his intervention because in the eight months the case has been pending, limited discovery has taken place and the case is not set for trial until December 3, 2012. According to Ramirez, his intervention will likely only require three additional depositions, one for him that likely would have been taken in any event, and two for

experts he designated on July 5, 2012. Ramirez therefore asserts that his intervention will not delay the case from proceeding to trial as scheduled.

The court determines that intervention is not mandated under Rule 24(a) or Rule 24(b). Ramirez is not seeking to intervene based on a federal statute that confers the right to intervene. Accordingly, to intervene, he must establish that intervention is proper under Rule 24(a)(2) as a matter of right, or permissively under Rule 24(b).

Intervention is improper under both Rule 24(a)(2) and Rule 24(b) because Ramirez's motion is untimely. Ramirez was injured almost three years ago on October 27, 2009. This lawsuit was filed in state court by Zurich and was pending eight months before Ramirez sought to intervene. Ramirez states in his affidavit that he did not learn of the lawsuit by Zurich until May 31, 2012; however, he does not explain how he learned of the lawsuit or what efforts he undertook in that regard for the court to make a determination of when he *should have known* of his interest in the case. Discovery in this case closed on August 3, 2012, and the dispositive motion deadline is August 17, 2010. Pursuant to the court's Scheduling Order, extending these deadlines will necessarily require an extension of the trial date. *See* Scheduling Order (Doc. 8) ¶ 13. Ramirez's intervention would therefore delay the disposition of this case.

Regardless of whether Ramirez's request to intervene is timely, the court determines that he has not shown that he will suffer prejudice from denial of intervention in this suit. Further, his interests are adequately protected by Zurich, who has incentive to maximize any recovery of future damages from Defendants since Ramirez will be looking to it for compensation to cover additional benefits claimed. *Staley v. Harris Cnty.*, 160 F. App'x 410, 414 (5th Cir. 2005) (affirming denial

**Memorandum Opinion and Order - Page 5**

of permissive intervention where district court found that existing party adequately represented the interests of the party seeking to intervene).

Additionally, the court notes that Ramirez's proposed claims for strict liability and negligence accrued on October 27, 2009. The two-year statute of limitations for such claims expired on October 27, 2011, and Ramirez does not allege any basis for equitable tolling in his proposed Complaint.[*] Thus, Ramirez's best chance at recovering money for any alleged future medical costs and lost earning capacity is through Zurich.

Moreover, Ramirez has not established an independent jurisdictional basis for his claims. *See Harris*, 768 F.2d at 675; *E.E.O.C. v. National Children's Ctr.*, 146 F.3d 1042, 1046 (C.A.D.C. 1998) ("No less than the original claimants, a third party who seeks to intervene in a federal action and litigate a claim on the merits must demonstrate that the claim falls within the court's limited jurisdiction."). While jurisdiction is purportedly based on diversity, Ramirez's proposed Complaint contains defective jurisdictional allegations. Ramirez alleges that he is a Texas resident; however, a bare allegation of residency is insufficient to satisfy the requirement of citizenship. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984). Additionally, Ramirez's Complaint contains no allegations regarding the amount-in-controversy. Although such defects could possibly

---

[*] Under Texas law, the statute of limitations for personal injury actions, regardless of whether the claims are couched in terms of negligence or product liability, is two years from the date the cause of action accrues. *See* Tex. Civ. Prac. & Rem. Code § 16.003; *Proulx v. Wells*, 235 S.W.3d 213, 215 (Tex. 2007) (per curiam); *Childs v. Haussecker*, 974 S.W.2d 31, 37 (Tex. 1998) (product liability case). Generally, "a cause of action accrues when a wrongful act causes an injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur." *Childs*, 974 S.W.2d at 36; *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998) (holding that a cause of action for negligence accrues on the date the negligent, injury-producing act is committed.). Ramirez's claims therefore accrued on October 27, 2009.

**Memorandum Opinion and Order - Page 6**

be cured by amendment, the court will not permit amendment since it concludes that Ramirez's request to intervene should be denied.

## III.     Conclusion

For the reasons explained, the court **denies** the Motion to Intervene as Plaintiff under Rule 24 (Doc. 16), filed by Humberto Ramirez. Further, because Ramirez filed his Designation of Experts before the court ruled on his motion to intervene, the clerk is **directed** to unfile Intervenor's Designation of Experts (Doc. 18).

**It is so ordered** this 7th day of August, 2012.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge